WILLIAM NEIL v. CUMBERLAND COUNTY COURT.

Courthouse — Construction — Contract — Building Committee's Report — Fraud.

A building committee was appointed by the court for the purpose of letting a contract for erection of a county courthouse, and in pursuance thereof the committee entered into a contract with appellant's assignor, Thompson, which was approved by the court. The work as it progressed was duly inspected by the members of the committee and when the building was nearly completed, prepared and submitted to the court their report, recommending the acceptance of the house so far as completed. This report was approved and adopted and the house received as recommended: *Held*, that such a statement of facts will not countenance a charge of fraud in the procurement of the report from said committee. And that it is too late for the court to complain, after it had its agents to examine the work and approve same.

APPEAL FROM CUMBERLAND COUNTY COURT.

April 25, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

A building committee consisting of four gentlemen were appointed to prepare and let the contract for the erection of a courthouse and clerks' offices in Burksville, three of whom resided in the town, and the other within so convenient a distance thereto that he was in town every day, while the walls were being erected.

They contracted with Thompson, appellant's assignor, to construct and complete the buildings according to the plans and specifications set forth in a written agreement signed by the parties, all of which was approved by appellee.

The work progressed under the superintendence of the committee, some of whom, as the evidence shows, were "*careful* and watchful," "much more than ordinarily so." A. C. Waggener, who was one of them, and who was examined in the case as a witness, states he saw the work as it progressed every day until the walls were up as high as the window sills of the first story, and the materials and work to that height were unobjectionable, and he saw others of the committee frequently at the building, attending to its progress.

After the building was nearly completed, the committee was called together by the contractor for the especial purpose of examining it, and reporting to the County Court the progress of the work, the character of material used, and the style and manner they had been put together in the building; they made the examination, and reported to the court that Thompson, the contractor, had complied with his contract, and completed the building, with the exceptions specified in the report, which it would require but little time and a small expenditure of money to complete, and the committee recommended the reception of the house so far as it was completed.

That report was returned to the court, approved and adopted, and the house received as therein recommended.

The alleged fraud in procuring that report on the part of Thompson, it seems to us, cannot avail. It was the imperative duty of the committee to attend to and examine the materials and the work as it progressed, and to reject such as were defective and unsuitable, and to cause to be taken down work unskillfully done; as they had the opportunity and the power to do this, it will be too late to complain after the court through its agents has approved the manner of performance, and received the house, as recommended by the committee.

For the value of the work which was done and received by the court under the recommendation of the committee, appellant was entitled to pay according to the contract price. And if the residue of the contract named as exceptions in the report has not been performed, or if it has been done in an unskillful manner, or with indifferent or defective materials, or in any particular not according to the contract, for such failure the appellee, the County Court, should have an abatement from the price agreed to be paid, in the proportion that the work remaining undone and the necessary materials therefor bear to the price of the whole job. Or in case the work has been done in a defective and unskillful manner, and indifferent materials were used, then an abatement therefor should be made. And for the ascertainment of these necessary facts, the case should have been referred to the master, and it was erroneous to dismiss appellant's petition.

Wherefore, the judgment is reversed, and the cause remanded with directions to set aside the order dismissing the petition and for further proceedings consistent with this opinion.